immaterial that he evidenced that final action by signing a so-called journal entry dated January 29th. There is no contention that the treasurer actually did finally act on January 29th. The contention of the taxpayer seems to be that, since he had, on January 8th, agreed with the tax ferret that the county treasurer might take final action on January 29th, and since the final action of the county treasurer on February 12th was the signing of a so-called judgment dated January 29th, the legal effect was an action by the county treasurer on January 29th, and that, therefore, the appeal prosecuted February 21st came too late.

In sustaining the taxpayer's motion to dismiss, the judge of the county court was led into error in concluding that the date of January 29th set out in the first line of the document referred to as the journal entry, was a binding date upon the county treasurer and the state and should operate to commit them to the fact that final action was taken on January 29th, when in fact no action whatever was taken on that date, and the final action taken by the county treasurer was clearly shown to have been taken on February 12th.

The appeal provided by section 12346, supra, is from "the final' action of the treasurer." On the motion of the taxpayer to dismiss, the county court should have properly determined the date on which the county treasurer took final action. There is no evidence that such final action was taken prior to February 12th, and the evidence is undisputed that final action was taken on February 12th, and it therefore follows that the county court erred in sustaining the taxpayer's motion to dismiss the appeal.

If the county treasurer had in fact taken final action on January 29th, and had sought thereafter to falsify the record of that final action by arbitrarily substituting a later date, then a different situation would exist, but there is no evidence whatever of any such situation here.

The judgment of the county court is reversed, and the cause remanded, with directions to overrule the taxpayer's motion to dismiss the appeal from the county treasurer, and with further directions to the county court to proceed with the trial of the cause.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.

## STATE v. RAPP DRILLING CO.

No. 26000. Nov. 19, 1935.

James K. Eaton, County Atty., and Monnet & Savage, for plaintiff in error.

Stanley B. Catlett, for defendant in error.

CORN, J. This case was consolidated with State of Oklahoma v. Denver Producing & Refining Company, the opinion in which was handed down by this court on November 19, 1935, and the same is adopted as the opinion in this case. (174 Okla. 620, 51 P. (2d) 715.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.

## STATE v. RAPP DRILLING CO.

No. 25999. Nov. 19, 1935.

James K. Eaton, County Atty., and Monnet & Savage, for plaintiff in error.

Stanley B. Catlett, for defendant in error.

CORN, J. This case was consolidated with State of Oklahoma v. Denver Producing & Refining Company, the opinion in which was handed down by this court on November 19, 1935, and the same is adopted as the opinion in this case. (174 Okla. 620, 51 P. (2d) 715).

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.