## STATE v. DENVER PRODUCING & REFINING CO.

No. 25998.   Nov. 19, 1935.

James K. Eaton, County Atty., and Monnet & Savage, for plaintiff in error.

Stanley B. Catlett, for defendant in error.

CORN, J. This is a proceeding commenced by or before the county treasurer of Okmulgee county to assess omitted personal property for ad valorem taxation, pursuant to the provisions of section 12346, O. S. 1931. Written notice was given the Denver Producing & Refining Company, hereinafter referred to as taxpayer, as required by the statute. On or before the date fixed in the notice, the taxpayer made his objection in writing to the proposed listing and assessment. The record is not wholly free from confusion as to everything that transpired between the giving of the notice on December 11, 1933, and the final action of the county treasurer on the matter on February 12, 1934. But it is reasonably clear that more than one effort was made to finally dispose of the matter, and that on January 8, 1934, both the tax ferret and the taxpayer appeared before the county treasurer; that there existed some uncertainty as to the authority of the county treasurer to require the production of evidence, and some resulting inability of the tax ferret to present sufficient evidence as to the property sought to be assessed; that on that date the tax ferret and the taxpayer undertook to enter into an agreement to the effect that if they were not able to adjust the matter between themselves the county treasurer then might take final action on the following January 29th, by what they had in mind as the "rendition of a judgment in favor of the taxpayer," so that the tax ferret might then appeal to the county court. Nothing further was done on that date, except perhaps to advise the county treasurer of the aforesaid understanding or agreement.

On January 29th, neither the taxpayer nor the tax ferret appeared in the county treasurer's office, and the treasurer took no action whatever on that day. Thereafter, on about February 1st, the attorney for the taxpayer mailed to the county treasurer a document entitled "Journal Entry," dated January 29, 1934, and at the same time he wrote the tax ferret suggesting that he inspect the document in the county treasurer's office and approve its form. It seems the tax ferret did so, but objected to the form of the document. Nothing further occurred until February 12th, when the tax ferret and the attorney for the taxpayer appeared in the treasurer's office, and the treasurer signed the document which purported to be a judgment rendered by the county treasurer, finding that the taxpayer had no such omitted property for the years in question, and rendering judgment for the taxpayer, referred to as defendant, and adjudging that the plaintiff take nothing in the proceeding. We take this to mean that on that date the county treasurer took final action on the question of the assessment of omitted property, and that he refused to make any assessment against the taxpayer. When the county treasurer signed that document he did not change the typewritten date "January 29th," but shortly after the parties had left his office he discovered that his so-called "judgment" was incorrectly dated and changed the date to the actual date on which he had acted, that is, February 12th. Within ten days thereafter a proper appeal was prosecuted by the state.

In the county court the taxpayer filed his motion to dismiss the appeal, alleging in substance that the final action of the county treasurer was dated January 29th, and that the appeal was not taken within ten days thereafter. That motion was sustained, and the county court rendered its judgment of dismissal. From that judgment of the county court this appeal is prosecuted.

The sole question here presented is whether the appeal from the county treasurer to the county court was taken in time. The above section of the statute requires such an appeal to be taken within ten days from the final action of the county treasurer. That appeal in this case was taken on February 21st, which was within ten days from February 12th, but not within ten days from January 29th.

It must be apparent that the final action of the county treasurer was, in truth and in fact, had on February 12th. It is wholly

immaterial that he evidenced that final action by signing a so-called journal entry dated January 29th. There is no contention that the treasurer actually did finally act on January 29th. The contention of the taxpayer seems to be that, since he had, on January 8th, agreed with the tax ferret that the county treasurer might take final action on January 29th, and since the final action of the county treasurer on February 12th was the signing of a so-called judgment dated January 29th, the legal effect was an action by the county treasurer on January 29th, and that, therefore, the appeal prosecuted February 21st came too late.

In sustaining the taxpayer's motion to dismiss, the judge of the county court was led into error in concluding that the date of January 29th set out in the first line of the document referred to as the journal entry, was a binding date upon the county treasurer and the state and should operate to commit them to the fact that final action was taken on January 29th, when in fact no action whatever was taken on that date, and the final action taken by the county treasurer was clearly shown to have been taken on February 12th.

The appeal provided by section 12346, supra, is from "the final action of the treasurer." On the motion of the taxpayer to dismiss, the county court should have properly determined the date on which the county treasurer took final action. There is no evidence that such final action was taken prior to February 12th, and the evidence is undisputed that final action was taken on February 12th, and it therefore follows that the county court erred in sustaining the taxpayer's motion to dismiss the appeal.

If the county treasurer had in fact taken final action on January 29th, and had sought thereafter to falsify the record of that final action by arbitrarily substituting a later date, then a different situation would exist, but there is no evidence whatever of any such situation here.

The judgment of the county court is reversed, and the cause remanded, with directions to overrule the taxpayer's motion to dismiss the appeal from the county treasurer, and with further directions to the county court to proceed with the trial of the cause.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.